```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                    Case No.   2:03-cv-547-FtM-29DNF

Tract J46-21, 5.00 ACRES OF LAND,
MORE OR LESS IN COLLIER COUNTY,
FLORIDA, WILLIAM C. PETERS, ET AL.,

                Defendants.
_____/

**OPINION AND ORDER**

     This matter came before the Court on June 27, 2005, for a bench trial on the matter of just compensation in 7 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71A. No property owner or other claimant appeared at trial. The Court heard testimony on behalf of plaintiff from Bernard F. Gallagher, Jr., Review Appraiser, United States Department of Interior, National Business Center, Office of Appraisal Services Directorate, Southeast Region Field Office (Florida & Virgin Islands), Naples, Florida, regarding the value of the properties, and no evidence was presented to the contrary.

     Bernie Gallagher testified as to the common characteristics of the land as: (1) inaccessible by vehicle; (2) undeveloped; (3) conservation zoning; and (4) for passive recreational use only. In most of the cases, a Notice of Lis Pendens was filed and no taking had occurred. In two of the cases, the government took immediate

possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession and the Court disbursed funds from the Registry of Courts for unpaid taxes due and owing to the Collier County Tax Collector.  Only one Application for Withdrawal of Estimated Just Compensation was filed and disbursement was made.

The Court, having considered the testimony and other evidence,

**ORDERS AND ADJUDGES:**

Just Compensation as to each tract of property as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract J49-26 (5.0 acres) 02cv120 | lis pendens (no money on deposit) | lis pendens | $5,000.00 ($1,000/acre) |
| Tract J45-28 (2.5 acres) 02cv409 | $1,875.00 | **$926.72** | $1,900.00[1] ($750/acre) |
| Tract J46-21 (5.0 acres) 03cv547 | $3,750.00 | **$0.00** | $3,750.00 ($750/acre) |
| Tract H03-29 (5.0 acres) 04cv3 | lis pendens (no money on deposit) | lis pendens | $5,000.00 ($1,000/acre) |
| Tract H05-21 (2.5 acres) 04cv5 | lis pendens (no money on deposit) | lis pendens | $2,500.00 ($1,000/acre) |
| Tract J33-15 (20.0 acres) 04cv7 | lis pendens (no money on deposit) | lis pendens | $20,000.00 ($1,000/acre) |

---

[1]This was the rounded figure provided by Mr. Gallagher.

| Tract J55-06 (2.5 acres) 04cv9 | lis pendens (no money on deposit) | lis pendens | $2,500.00 ($1,000/acre) |

The Court further finds and concludes:

    1. The Plaintiff has the right to condemn the Property for the public purpose set forth in the Complaint in Condemnation as to Case Nos. 2:02-cv-120-FTM-29DNF; 2:04-cv-3-FTM-29DNF; 2:04-cv-5-FTM-29SPC; 2:04-cv-7-FTM-29SPC; and 2:04-cv-9-FTM-29SPC. Just Compensation for the taking of the fee simple title to Property, is the total sum of $1,000.00 per acre.

    2. That title in the property shall be vested in the United States of America by operation of law as of September 3, 2002, for Case No. 2:02-cv-409-FTM-29DNF and September 18, 2003, for Case No. 2:03-cv-547-FTM-29DNF. As of those dates, the fair market value of each tract was $750 per acre as set forth in the chart above.

    3. On the date of the deposit of the Just Compensation into the Registry of the Court for Case Nos. 2:02-cv-120-FTM-29DNF; 2:04-cv-3-FTM-29DNF; 2:04-cv-5-FTM-29SPC; 2:04-cv-7-FTM-29SPC; 2:04-cv-9-FTM-29SPC, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property as of the date of taking, June 27, 2005. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation.

    4. The Clerk of the Court shall enter Judgment immediately in Case Nos. 2:02-cv-409-FTM-29DNF and 2:03-cv-547-FTM-29DNF,

notwithstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein.

5. That payment of Just Compensation, as provided above, shall be in full satisfaction of any and all claims of what ever nature against the plaintiff by reason of its institution and prosecution of this action and the taking of the property.

6. That Just Compensation will be subject to all real estate taxes, liens and encumbrances of what ever nature existing against the Property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just Compensation, to the extent established and proven to the Court upon application.

7. That the Just Compensation includes the estimated just compensation previously deposited by the Plaintiff. The Plaintiff shall deposit into the Registry of the Court that portion of the Just Compensation, if any, in excess of the amount of the estimated just compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from the date of taking, until the date of the deposit. Plaintiff shall otherwise deposit the amount of Just Compensation determined at trial. Such deposit shall be made within **SIXTY (60) DAYS** of the entry of this Opinion and Order.

8. That the Clerk of the Court will retain the deposited Just Compensation in Case Nos. 2:02-cv-409-FTM-29DNF and 2:03-cv-547-

FTM-29DNF until further order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.

9. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications, not to exceed five (5) years. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

10. That, in the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of June, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Mark A. Steinbeck, Assistant U.S. Attorney
United States Attorney's Office

Glen Tucker, Counsel of Record
Collier County Tax Collector

Unrepresented parties